IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| William Douglas Perry, | Case No. 5:12 CV 802 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | |
| Warden Tibbles, | JUDGE JACK ZOUHARY |
| Respondent. | |

## INTRODUCTION

*Pro se* Petitioner William Douglas Perry filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Magistrate Judge's Report and Recommendation ("R&R") recommended this Court deny the Petition (Doc. 16). Petitioner objects to the Magistrate Judge's finding that the state appellate court's findings regarding counsel's performance and the voluntary nature of his plea was not an unreasonable application of federal law (Doc. 19 at 5). Petitioner also objects to the Magistrate Judge's finding that the state appellate court reasonably applied federal law to conclude he received fair notice of the charges against him (*id.* at 21). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. §§ 636(b)(1)(B) & (C), this Court has reviewed the Magistrate Judge's R&R *de novo*. For the following reasons, this Court adopts the R&R and denies the Petition.

## BACKGROUND

Petitioner is currently incarcerated by the State following a guilty plea to two counts of aggravated murder with death penalty specifications, one count of aggravated robbery, one count of aggravated burglary, one count of tampering with evidence, and one count of gross abuse of a corpse (Doc. 8-1 at 21–22). For these crimes, Petitioner is serving a sentence of life without the possibility

of parole (*id.* at 15–16). This Court adopts the factual recitation in the R&R, which includes facts to which the parties stipulated in state court (Doc. 16 at 2–7). In brief, Petitioner pled guilty to murdering his neighbor, Brett Smith, in October 2008. Smith's body, found by family members, was decapitated and mutilated in his trailer home. Overwhelming evidence pointed to Petitioner as the killer.

In April 2010, Petitioner, *pro se*, submitted a Request for Leave to File Delayed Appeal pursuant to Ohio App. R. 5(A) with the state appellate court (Doc. 8-1 at 42). Petitioner indicated he would raise four assignments of error. In May 2010, the state appellate court found Petitioner failed to establish good cause for the delay in filing a timely appeal and denied Petitioner's Request (Doc. 8-1 at 105). In June 2010, Petitioner filed a Notice of Appeal with the Supreme Court of Ohio (Doc. 8-1). In August 2010, the Supreme Court of Ohio dismissed the appeal "as not involving any substantial constitutional question" (Doc. 8-1 at 134).

Meanwhile, in June 2010, Petitioner, *pro se*, filed with the state trial court a Petition to Vacate or Set Aside Sentence, raising four grounds for relief: (1) Petitioner's trial counsel was ineffective and prejudiced him by allowing him to enter a guilty plea while under the influence of drugs; (2) the Indictment failed to charge an offense by omitting essential elements; (3) the Indictment failed to give Petitioner adequate notice of all essential elements of the alleged offenses; and (4) because the Indictment failed to charge an offense for the counts of aggravated robbery and aggravated burglary, these counts failed to qualify as valid predicate offenses, rendering the Indictment for aggravated murder void (Doc. 8-1 at 136–45). In June 2010, the trial court denied the Petition as untimely (Doc. 8-1 at 180).

Petitioner appealed the trial court's denial of his Petition to the state appellate court (Doc. 8-1 at 181), raising two assignments of error: (1) Petitioner received ineffective assistance of counsel

2

when counsel failed to argue the insufficiency of the Indictment and coerced him to plead guilty while under the influence of mind-altering drugs; and (2) the Indictment fails to charge a certain offense because it omitted essential elements (Doc. 8-2 at 2).  In January 2011, the state appellate court held "the trial court correctly found [Petitioner's] petition untimely filed" (*id.* at 71, ¶ 29).  The court nonetheless addressed Petitioner's substantive claims and found them to be without merit (Doc. 8-2 at 71, ¶ 29).

Petitioner appealed to the Supreme Court of Ohio arguing:  (1) Petitioner received ineffective assistance of counsel when counsel failed to challenge the sufficiency of the Indictment and coerced him to plead guilty to the charges while under the influence of prescription mind-altering drugs; and (2) the Indictment failed to properly charge certain offenses because it omitted essential elements, thereby failing to invoke the court's jurisdiction (Doc. 8-2 at 94).  In May 2011, the Supreme Court of Ohio dismissed the appeal as not involving a substantial constitutional question (*id.* at 139).

Petitioner filed the instant Petition in this Court in April 2012, raising two grounds for relief: (1) Petitioner received ineffective assistance of counsel when counsel failed to argue the insufficiency of the Indictment and coerced him to plead guilty to all charges while under the influence of prescription, mind-altering drugs in violation of the Sixth Amendment and Article I, Section 10 of the Ohio Constitution (Doc. 1 at 5); and (2) the Indictment failed to properly charge a certain offense by omitting essential elements, thereby failing to invoke the court's jurisdiction and failing to have the grand jury determine probable cause for every element of the charged offenses in violation of Petitioner's Due Process rights under the Fourth, Fifth, and Fourteenth Amendments, as well as Article I, Section 10 of the Ohio Constitution (Doc. 1 at 6).

3

**STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." A federal court may grant habeas relief if the state court arrives at a decision contrary to the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). The appropriate standard is whether a state court's application of clearly established federal law was unreasonable, and not merely erroneous or incorrect. *Id.* at 409–11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). This is a demanding standard met "only if reasonable jurists would find it so arbitrary, unsupported or offensive to existing precedent as to fall outside the realm of plausible outcomes." *Barker v. Yukins*, 199 F.3d 867, 872 (6th Cir. 1999).

**DISCUSSION**

This Court adopts the Magistrate Judge's recommendation to address the merits of the Petition, rather than procedural default issues raised by the State. *See Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003). Because Petitioner's claims of ineffective assistance of counsel rest partially on his argument against the sufficiency of the Indictment, this Court will address that claim first.

**Sufficiency of the Indictment**

Petitioner maintains Counts One and Two of the Indictment were constitutionally insufficient to charge Petitioner with aggravated murder because it omitted the essential element of "specific intent to cause death" with respect to both counts (Doc. 15 at 3–4). Petitioner claims the words of the applicable statute, tracked in the Indictment, were "vague, indefinite, uncertain and insufficient, in

4

general terms and conclusions, and Petitioner, from a reading of said indictment, [was] unable to fairly and reasonably know the nature and cause of the accusation against him or to prepare an intelligent defense" (*id.* at 4). Petitioner also argues Counts Three and Four were defective because they referred to the offenses of aggravated burglary and aggravated robbery by statute number only and did not set out the elements of the underlying theft offense, thereby failing to charge predicate offenses (*id.* at 11). In addition, Petitioner also argues Count Four failed to charge the "criminal trespass" portion of the offense (Doc. 15 at 11).

The R&R found "nothing unreasonable about the state court's determination that [Petitioner] received fair notice of the charges against him" (Doc. 16 at 23). Petitioner lodges general objections to the R&R, again arguing the Indictment failed to set forth all necessary elements with respect to certain counts (Doc. 19 at 21), and thus failed to give fair notice and to serve as proof that the grand jury considered and found probable cause for all elements of the charged offenses (*id.* at 7). Petitioner also argues, mistakenly, that the culpable mental state and *mens rea* for an offense are two different elements (*id.* at 12–13).

"To pass constitutional muster, an indictment must meet a two-prong test: first, the indictment must set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces; second, the indictment must be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." *United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1881)).

5

The state appellate court found that Counts One and Two did specify the *mens rea* requirement, to "purposely cause" another's death, making the Indictment proper. The court noted that under Ohio case law, an indictment that tracks the language of the criminal statute is not defective for failing to identify a culpable mental state when the corresponding statute does not do so. *State v. Perry*, 2011-Ohio-274 at ¶ 50 (Ohio Ct. App. 2011). Further, for felony murder, the *mens rea* element need only be specified in the count charging the predicate offense. *Id.* at ¶ 45; *see State v. Fry*, 125 Ohio St. 3d 163 at ¶ 43 (2010). The appellate court found that reading the aggravated felony murder counts in *pari materia* with the aggravated burglary and aggravated robbery counts provided Petitioner with ample notice of the elements underlying the offenses. *Perry*, 2011-Ohio-274 at ¶¶ 51 & 54.

For Counts Three and Four, the state court noted that under Ohio law "the requirements of an indictment may be met by reciting the language of the criminal statute." *Id.* at ¶ 58; *see also State v. Murphy*, 65 Ohio St. 3d 554, 583 (1992). Further, Ohio does not require an indictment for aggravated burglary to allege the particular felony the defendant intended to commit. *Perry*, 2011-Ohio-274 at ¶ 59; *State v. Foust*, 105 Ohio St. 3d 137 at ¶ 31 (2004). Additionally, Count Four "clearly alleged [Petitioner] '. . . did, knowingly, by force, stealth or deception, trespass.'" *Perry*, 2011-Ohio-274 at ¶ 59. Finally, the court noted that Petitioner received a Bill of Particulars, which gave him notice of many of the allegations he claims the Indictment lacked. *Id.* at ¶ 60. The court found the Indictment sufficient, overruling Petitioner's assignment of error. *Id.* at ¶¶ 61–62.

Petitioner's objections fail upon *de novo* review. First, Counts One and Two of the Indictment explicitly set forth the appropriate *mens rea*, that Petitioner acted "purposely" (Doc. 8-1 at 1–2). Counts Three and Four explicitly set forth the *mens rea* that Petitioner acted "knowingly" (Doc. 8-1 at 2–3). Count Four also explicitly mentioned trespassing (Doc. 8-1 at 3).

Additionally, Petitioner received a Bill of Particulars, in which the culpable mental states were again stated (Doc. 12-3). The Indictment therefore complied with federal law and provided Petitioner with sufficient notice of all charges against him and all elements of those charges. While Petitioner may not agree with the state court's interpretation of Ohio law, this Court must accept that interpretation. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) ("Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state."). Therefore, this Court adopts the R&R's conclusion that the state appellate court's disposition was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d).

**Ineffective Assistance of Counsel**

Petitioner maintains he received ineffective assistance of counsel for two reasons: (1) counsel "should have recognized the deficiencies in the indictment and objected to them at trial"; and (2) counsel coerced him to plead guilty while he was under the influence of prescription mind-altering drugs and not capable of making a knowing, voluntary, or intelligent plea (Doc. 15 at 21).

The Magistrate Judge reviewed the transcript of Petitioner's change of plea hearing and found he was informed of the consequences of his plea, and further found no evidence to support Petitioner's claims that counsel coerced him to plead guilty or that his plea was not knowing, voluntary, and intelligent (Doc. 16 at 31). Petitioner objects, claiming the transcript does not tell the entire story, that he "had no idea that he was functioning in a state of a drug induced stupor" and had no recollection of what happened at the change of plea hearing until he later read the transcript "with a drug free mind" (Doc. 19 at 27).

The Supreme Court uses the *Strickland* test for claims of ineffective assistance of counsel to challenge guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Petitioner must first "show that

7

counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 669 (1984). Then he must demonstrate that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. This scrutiny is highly deferential and requires the reviewing court to make every effort "to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 669. "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult" because under *Strickland* and AEDPA, review is "doubly" deferential. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

"[A] defendant must have 'sufficient awareness of the relevant circumstances and likely consequences' of his plea." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). The plea must be accompanied by "an affirmative showing that it was intelligent and voluntary." *Id.* (quoting *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). This showing is generally satisfied by the transcript of the relevant state court proceeding. *Id.*

Petitioner failed to factually substantiate his claim of an involuntary plea before the state appellate court. *Perry*, 2011-Ohio-274 at ¶ 73. Petitioner submitted only a "self-serving affidavit, some psychiatry notes from visits that took place more than a year before [Petitioner] entered his guilty pleas, [and] some drug information sheets" for the court's consideration. *Id.* Despite claiming he informed the trial court that he was under the influence of drugs at the time he pled guilty and that the court failed to investigate before accepting his plea, Petitioner did not provide the court with a transcript of his change of plea hearing. *Id.* at ¶¶ 84–85. The burden was Petitioner's to provide the transcript and use it to reveal the alleged errors. *Id.* at ¶ 86. Without that transcript, the court found Petitioner could not "demonstrate any error or irregularity in connection with the trial court's decision to accept [his] negotiated guilty pleas." *Id.* at ¶ 87.

Petitioner's first claim -- that counsel was ineffective for not challenging the sufficiency of the Indictment -- must fail. This Court has already determined that the state appellate court was correct in determining there were no deficiencies in the Indictment. Therefore, Petitioner's counsel was not ineffective, and this Court adopts the R&R's finding that this argument is without merit (Doc. 16 at 23).

This Court's review of the change of plea transcript reveals Petitioner's second claim, regarding his guilty plea, also lacks merit. Petitioner explicitly confirmed that he had reviewed the plea agreement in its entirety, read it himself, reviewed it with his attorneys, had his questions answered by his attorneys, and signed it of his own free will with no attempt to force or coerce him to sign the plea agreement (Doc. 12-4 at Tr. 31–33). Petitioner again confirmed it was his "voluntary choice to plead guilty" (Tr. 110–11). When asked about medications he was on at the time, Petitioner stated the medications caused him no problems with reasoning (Tr. 112). In fact, he stated the medications improved his reasoning (Tr. 112). Petitioner's counsel also noted they had no concerns regarding Petitioner's ability to think or reason while on his medications (Tr. 112–13). His counsel also produced a letter written by forensic pathologist Dr. Jeffrey Smalldon indicating Petitioner was competent to enter a plea (Tr. 26). Later in the proceeding, Petitioner agreed the medication he took for his bipolar disorder helped him to reason, think, and stay focused (Tr. 114). Petitioner again stated that no one attempted to force, threaten, or promise him anything to make him plead guilty (Tr. 117).

Judge Sinclair, one of the trial court judges on Petitioner's panel, spoke with Petitioner about the implications of the plea agreement, that the State would stipulate to a sentence of life without parole, as well as all other sentences running concurrently (Tr. 117–18). Petitioner said he understood the other sentences would run concurrently (Tr. 118). Judge Sinclair even spoke with Petitioner about post-release control because it was in the plea agreement, even though it would not apply to Petitioner

9

(Tr. 120–23). Petitioner stated he understood he was giving up his right to appeal (Tr. 123). Finally, Petitioner admitted he was satisfied with his legal counsel (Tr. 119).

Nothing in the record supports Petitioner's claims of coercion or an inability to offer a knowing, voluntary, and intelligent plea due to mind-altering medications. In fact, the transcript directly refutes Petitioner's claims, and his self-serving allegations are not enough to overcome the record. Petitioner was unable to demonstrate any error before the state court when he failed to provide the transcript of his plea hearing. With the transcript now before this Court for review, it affirms that Petitioner's claims have no evidentiary support. This Court agrees with the R&R and finds the state court's disposition was not contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

## CONCLUSION

After conducting a *de novo* review, this Court adopts the R&R (Doc. 16) and denies the Petition on the merits for the reasons states above. Further, this Court finds Petitioner has failed to make a substantial showing of the denial of a constitutional right and declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

        s/ *Jack Zouhary*
    JACK ZOUHARY
    U. S. DISTRICT JUDGE

August 30, 2013